Read, J.
The chief question in this case is, whether the provision of the statute providing for the maintenance of illegitimate-children, comes within the operation of the general bankrupt law of the United States. Although tho point has been made in argument, we have decided this case without intending to express any opinion as to the constitutionality of the bankrupt act.
That law sounds in contract, and discharges only from obligations to pay money arising out of agreements express or implied,, on surrender of the property of the bankrupt.
The voluntary portion of tho act, in terms, extends only to debts-owing.
The payment of money, compelled by the statute, for the support of illegitimate children, is an enforcement of moral duty resulting from a wrongful act of the person charged. Not in *the nature of a debt owing, or due on contract. The putative father, under tho statute, is charged with the maintenance-of his illegitimate child, in such sum or sums, to be paid in such amounts, at such times, in such manner, as the court shall order and direct; and that he give security for performance, and that, on neglect or refusal to give such security, he be committed to the. *213 jail of the county. The money thus to be paid and secured, is not a •debt due to the mother, or other person, but only a mere charge •of maintenance. If the child die, the obligation to pay ceases. It is not within the power of the mother to discharge the obligation. If she fail, even from shrinking delicacy to expose her guilt, to secure the child the maintenance provided by the statute, the overseers of the poor may. The statute has not left the performance ot this duty by the putative father, to depend upon the disposition of the mother to hide herself Irom the cruel scrutiny of a public •examination. It is intended not directly for her benefit, but that of the child, and to cast the duty of its support upon the father, ■and to prevent it from falling upon the public. True, the order ■of the court usually directs the money secured by the statute, to •be paid to the mother, and leaves its application with her. Sho may apply the money to defray her lying-in expenses, and to her ■own support whilst in charge of the child ; this e'omes within the ■meaning and spirit of the law, as the child’s nurture and sustenance depends mainly upon her.
It is contended that the prosecution under the statute is a civil proceeding, and therefore the money directed to be paid under it ■must be regarded in the light of a debt.
It is sometimes called a quasi criminal proceeding, that is, it'is the enforcement of a moral duty arising from a criminal act, not prosecuted under the forms of a trial for a criminal offense. The act of the putative father is a crime against the peace and good ■order of society, and when accomplished through the medium of seductive arts, involving the highest turpitude. The statute does ■not contemplate the punishment of the criminal act itself, but only the enforcement of the moral duty of maintaining the child, consequent upon the act. From the nature ^of the proceeding, therefore, it can not be argued that the money awarded is a civil ■debt.
It would be just as wise, and just as competent, to extend the ■operation of the bankrupt law to discharge a father from the support of his legitimate child, as to discharge the putative father from the support of his illegitimate child. The duty in each case in-morals, and by the law of nature, is of equal obligation. The only difference is, that the policy of the law for the welfare of society, has adopted a different mode in each case, to enforce the'same duty. In the one case, the law recognizes the relation of' parent *214 and child, and enforces the duties of the parent, by virtue of the marriage contract: in the other, the law can not recognize the relation of parent and child through the marriage contract, but seizes upon the fact of parentage, and enforces the natural duty of maintaining the child, which, otherwise, under the general policy of the law, except for the statute, would be regarded as a duty of imperfect obligation. With equal sense it might be applied to discharge men from the support of their wives, and thus the bankrupt law, which was designed to discharge persons from obligations to pay money arising out of contracts, express or implied, upon the surrender of their whole property, that they might commence life, as it were, anew, having been lifted from beneath a hopeless weight of debt, and apply their future earnings to their own, and the support of their families, would be perverted to the destruction of the whole domestic obligations.
Whatever may have been some of its evil consequences, it was not the design of the bankrupt law to overturn all society by discharging men from the performance of those moral and natural duties which constitute the foundation of the whole social fabric.
The bankrupt law is not omnipotent to discharge all obligations to pay money of whatsoever character, but only such as arise out of contract, express or implied. Congress has no power to pass a bankrupt law for any other purpose, nor has it been attempted. *The punishment of crimes and offenses, the adoption of police regulations, the enforcement of moral and natural duties,, and the preservation of the domestic relations are inherent, sovereign state rights, not delegated to the general government. Within, their several territorial limits the states may adopt their own mode of accomplishing these several ends, violating no constitutional principle. They may declare penalties for offenses, for the' enforcement of moral and natural duties, for the preservation of the domestic relations, and direct1 their collection by action of debt. But because the money directed to be paid as a penalty may be denominated á debt, or be directed to be collected in-an action of debt, it does not come within the operation of the bankrupt power authorizing Congress to discharge the obligation. It is the nature of the obligation to pay the money, not the name of the obligation, nor the form or mode of collection, or enforcement, that determines whether it comes within the opera»* tion of the bankrupt law.
*215 Morgan then not being discharged from the moral and natural duty enforced by the statute, of maintaining his illegitimate child,, the remaining question is, who has acquired a right to the money in the hands of the commissioner of insolvents?
Morgan applied for the benefit of the insolvent law of the state, prior to his application for the benefit of the bankrupt law. No other claim was presented or proven before the commissioner of insolvents, and none whatever before the assignee in bankruptcy;, indeed, the whole design of Morgan appears to have been merely to discharge himself from the charge of supporting his illegitimate child. The statute for the relief of insolvent debtors vested this whole claim, at the time Morgan applied for its benefit, in the commissioner of insolvents as trustee tor the benefit of creditors. Hence, there being no other creditors, the commissioner hold thin: money solely for Malinda-Cooksey, to be applied under the order of filiation. The bankrupt law not discharging this obligation,, and not superseding the state law, will not withdraw this money from the action of the state law, which had first seized upon it and appropriated it to be applied in discharge of an obligation *not within the operation of the bankrupt'law, and not discharged by it. It is true that when the bankrupt law comes legitimately in conflict with a state insolvent law, it supersedes it, and draws all moneys, claims, and rights to itself. But that is not this ease. In this case the bankrupt law has no application whatever, no power, no existence; the state law has full power, full force, and has seized upon the fund and vested it in the hands of the commissioner, to be applied under the order of the court.
It is therefore decreed that the money in the hands of the commissioner of insolvents be paid over to Malinda Cooksey, as ordered by the court of common pleas, for the maintenance of her illegitimate child. Decree accordingly.